THE LEVEL LAND COMPANY No. 3, Respondent, vs. HAYWARD and others, Appellants.

*November 28, 1896 — February 2, 1897.*

*Corporation: Stock subscription.*

A corporation, with the consent of one who had subscribed for a large number of shares of its stock, proceeded to sell out to other parties its entire authorized stock, not reserving the shares subscribed for by him, and received payment therefor. *Held* that, in an action between the corporation itself and such subscriber (creditors not being interested), it could not recover on his subscription.

APPEAL from a judgment of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Reversed.*

This is an action to recover an assessment of six per cent. upon eighty shares of stock of $100 each in the plaintiff corporation, for which the defendants, as copartners, subscribed.

The answer alleged, in substance, that although the defendants subscribed in form for eighty shares of stock in the corporation, it was orally agreed at the time between themselves and the other subscribers that they should not be compelled to take the stock if other subscribers could be obtained, and that in fact other subscribers were obtained for the eighty shares, and that all the authorized stock of the corporation, to wit, 250 shares, was in fact subscribed and paid for by others, and stock certificates issued to such others; that the corporation had no stock left which could be issued to the defendants, even if they paid their subscription.

Upon the trial all evidence of the alleged parol agreement was excluded. Evidence was, however, admitted tending strongly to show that the corporation had sold its entire 250 shares of stock, including the eighty shares subscribed for by defendants, to others, and had received full pay therefor, and issued its certificates of full-paid stock to such other subscribers.

A verdict for the plaintiff for the amount of the assessment upon eighty shares of stock was directed, and from judgment thereon defendants appealed.

The case was submitted for the appellants on the brief of *C. J. Faber*, and for the respondent on that of *Elliott, Hickox & Groth.*

Counsel for the appellants contended that the corporation, by selling and receiving payment for its entire authorized stock, had deprived itself of power to issue any stock to the appellants, and had thereby released them from their subscription. Cook, Stock (3d ed.), §§ 292, 298; Morawetz, Priv. Corp. (2d ed.), § 761.

The following opinion was filed December 15, 1896:

WINSLOW, J. Doubtless the defendants' subscription for stock could not be varied or affected by the alleged parol

agreement, but this was not really the important question in the case. The proof which was offered tended to show that after the defendants' subscription was received the corporation went on, and sold out its entire authorized stock to others, with the consent of the defendants, and received full pay therefor. 'If this was the fact, it is impossible to see how those other subscribers could now be deprived of their stock, either by the corporation or by the defendants. If they cannot be deprived of their stock, then certainly the defendants ought not to be compelled to pay for stock which cannot be issued without making an illegal overissue of stock. It clearly seems to us that, if the facts be as alleged, then the parties have, by their acts, effectually canceled and rescinded their original contract. *Perkins v. Union B. H. & E. Machine Co.* 12 Allen, 273.

Different questions might arise were the controversy one between creditors of the corporation and subscribers to stock, but in an action between the corporation itself and the subscribers the foregoing conclusion seems very clear.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.

A motion for a rehearing was denied February 2, 1897.